UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:20-cv-00123-JRS-DML |
| INDIANA UNIVERSITY AT BLOOMINGTON, PROVOST LAUREN ROBEL, KATHY ADAMS-REISTER, LIBBY SPOTTS, ROBERT BILLINGHAM, MICHAEL COURTNEY and GRANT VOGTMAN, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**

The Trustees of Indiana University (the "University"),[1] Provost Lauren Robel, Kathy Adams-Reister, Libby Spotts, Robert Billingham, Michael Courtney, and Grant Vogtman (together, the "Defendants"), by counsel, hereby files this motion for expedited discovery pursuant to Federal Rules of Civil Procedure 30 and 36. In support thereof, Defendants states:

 1. On January 14, 2020, Plaintiff filed his Complaint and Motion for Temporary Restraining Order (the "TRO").

 2. On January 15, 2020, Magistrate Judge Lynch orally set this matter for a hearing on Plaintiff's Motion to take place on February 11, 2020 in front of the Honorable Judge Sweeney (the "TRO Hearing"). Further, the Court set Defendants' deadline to respond to Plaintiff's TRO by February 3, 2020.

---

[1] The Trustees of Indiana University is the proper legal entity. *See* Ind. Code § 21-27-4-2.

26545001.1

3. In order to prepare for the TRO Hearing, Defendants reasonably require limited, reasonably-tailored discovery. Specifically, Defendants request that John Doe appear for a deposition and answer limited requests for production. Defendants further request leave to notice John Doe's sister also appear for a deposition.

4. The Federal Rules of Civil Procedure generally prohibits a party from seeking discovery before the parties have conferred under Rule 26(f), but specifically provide that parties may obtain expedited discovery "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1).

5. To determine whether good cause exists, this Court has held that the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court. *Id.* (citing Share Corp. v. Momar, Inc., No. 10–CV–109, 2010 WL 724321 at *2 (E.D. Wis. Feb. 26 2010) (quoting Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 387 (E.D. Wis. 2009) (in deciding whether to grant expedited discovery, court assesses the need for the discovery against its burden to the responding party based on the "'entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances'"); Philadelphia Newspapers, Inc. v. Gannett Satellite *Info.* Network, Inc., No. CIV. A. 98–CV–2782, 1998 WL 404820 at *2 (E.D. Pa. July 15, 1998) (denying request for expedited discovery when the discovery requests were not "reasonably tailored" to the time constraints for taking the discovery prior to the preliminary injunction hearing or the "specific issues that will be determined at the preliminary injunction hearing")).

6. This Court has recognized that a pending request for preliminary injunction is a typical ground that satisfies the good cause standard for expediting discovery. *Roche Diagnostics*

*Corp. v. Med. Automation Sys., Inc.*, No. 1:10–cv–01718–SEB–DML, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011).

7. Here, good cause exists to allow Defendants to seek discovery from Plaintiff before the Rule 26(f) conference where Defendants require discovery to assist with its response to the TRO, due February 3, 2020, and its preparation and presentation at the TRO Hearing for February 11, 2020.

8. Defendants seek permission to depose John Doe for a single day, as well as take a half-day deposition of his sister, a witness that appeared on his behalf in the proceedings before the University that are specifically the subject of Plaintiff's TRO. Defendants seek to schedule both depositions no later than January 31, 2020 to allow adequate time to respond to the TRO and prepare for the TRO Hearing.

9. Defendants further seek leave from this Court to shorten Plaintiff's time to respond to reasonably-tailored written discovery requests. A copy of Defendant's Requests for Production are attached as <u>Exhibit A</u>.

10. Federal Rule of Civil Procedure 30(b)(2)(A) generally provides that responding parties have 30 days to answer requests for documents. The 30-day timeline may be shortened by stipulation of the parties or court order. Fed. R. Civ. P. 34(b)(2)(A).

11. Specifically, Defendants ask the Court to shorten the presumptive discovery timeline, and order John Doe to respond to their discovery requests no less than three days before John Doe's deposition or ten days before the scheduled hearing on Plaintiff's motion for temporary restraining order, whichever is sooner.

12. Expedited discovery is appropriate in this case because the facts suggest John Doe will not be subject to undue burden or unnecessary inconvenience. The information that

26545001.1

Defendants seek involves matters of personal knowledge and documents likely to be in John Doe's immediate possession. Further, given the limited evidence that John Doe produced before the University Hearing Commission, responsive documents are likely limited. Additionally, Defendants' discovery requests are narrowly-tailored to address the due process claim at issue and, therefore, John Doe should have no difficulty complying with Defendants' discovery requests in a shortened time frame. The requested expedited timeframe is also reasonable given that the period to respond to Requests for Production is only approximately one week in advance of the typical discovery process. Finally, allowing Defendants this limited amount of discovery, including the deposition of the two witnesses who will undoubtedly testify at the TRO Hearing, before the hearing on the TRO is appropriate for the fair adjudication of issues before this Court.

13. A denial of Defendants' request for expedited discovery will significantly prejudice their ability to produce evidence at the TRO hearing.

14. On January 16, 2020, the undersigned emailed counsel for Plaintiff regarding his position on Defendants' request. On January 17, 2020, at 5:56 a.m. counsel for Plaintiff responded and requested a copy of the request for production, case law on the subject of expedited discovery as related to TROs, and topics for the two depositions. He further stated he would review and respond with his position on this motion on Monday due to his deposition schedule. At 1:20 p.m., the undersigned responded to Plaintiff's counsel, providing him with a copy of the proposed requests, stating that courts routinely allow expedited discovery in injunction hearings, and informing him that the depositions would be of Plaintiff and his sister, K.S., focusing on matters set forth in the Complaint and TRO. Due the expedited nature of these proceedings, Defendants could not wait until Monday to file this motion. Thus, as of filing, Defendants remain unaware as to whether Plaintiff consents to this motion.

26545001.1

WHEREFORE, Defendants respectfully requests this Court find good cause exists for granting Defendants' Motion for Expedited Discovery, and for all other just and proper relief.

Respectfully submitted,

*/s/ Tracy N. Betz*
Michael C. Terrell, #2124-49
Tracy Betz, #24800-53
Vivek R. Hadley, #32620-53
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3546 – direct phone
(317) 713-3500 – firm phone
(317) 713-3699 – firm fax
mterrell@taftlaw.com
tbetz@taftlaw.com
vhadley@taftlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing MOTION FOR EXPEDITED DISCOVERY and the related proposed ORDER granting same was served by email and first-class U.S. mail on the following counsel for defendant Indiana University and the individual defendants on January 17, 2020:

Eric J. Roseburg
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com

              */s/ Tracy N. Betz*
              Tracy N. Betz

26545001.1