# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>INDIANA UNIVERSITY, PROVOST LAUREN ROBEL, KATHY ADAMS-REISTER, LIBBY SPOTTS, ROBERT BILLINGHAM, MICHAEL COURTNEY AND GRANT VOGTMAN,<br><br>        Defendants. | CASE NO. 1:20-CV-123-JRS-DML<br><br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO PLAINTIFF'S MOTION FOR TRO** |

       Plaintiff John Doe, by and through his attorney, submits a copy of the January 23, 2020 Temporary Restraining Order issued by the U.S. District Court for the District of Connecticut in *Doe v. University of Connecticut, et al.*, Case No. 20CV92.[1] We offer this decision (and the following summary analysis) as persuasive authority supporting the issuance of a TRO in this matter.

       Notably, the Connecticut district court relied on this circuit's recent decision in *Doe v. Purdue University*, 928 F.3d 652 (7th Cir. 2019), for two important points. First, the court cited *Purdue* to support its finding that plaintiff Doe had met the standard for showing irreparable

---

[1] A copy of the district court's decision in *Doe v. Univ. of Connecticut*, No. 20CV92, is attached hereto as Exhibit A.

harm if the injunction did not issue. Citing the Purdue "stigma-plus" test, the district court determined plaintiff Doe has a liberty interest at stake where his legal status is changed because he is no longer a student; his reputation is at stake; and career prospects are seriously diminished. Ex. A at 5 (citing to *Purdue*, 692 F.3d at 663). Thus, plaintiff Doe is entitled to meaningful procedural protections

Second, the Connecticut district court also determined that plaintiff Doe met the heightened standard for issuance of a mandatory injunction after showing "a clear likelihood of success on the merits." (Ex. A at 4-5). As here, plaintiff Doe argued the University of Connecticut deprived him due process, in part, by conducting a hearing that failed to include relevant evidence on credibility. Ex. A at 8. Plaintiff Doe showed a likelihood of success in this "he said/she said" dispute hinging on credibility because procedural shortcomings arise when there is a failure "in exploring the critical issue of credibility." *Id*. at 10 (quoting *Purdue*, 928 F.3d at 664, for proposition that failure to make any attempt to examine credibility of complainant was fundamentally unfair.)

Given the relevance of this recent district court opinion to the matter under review, we respectfully submit this opinion as additional authority supporting issuance of a TRO.

/s/ *Eric J. Rosenberg*
Eric J. Rosenberg (0069958)
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
erosenberg@rosenbergball.com
*Attorney for Plaintiff John Doe*

PAGE 2—NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION FOR TRO