UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00123-JRS-DML |
| ) | |
| INDIANA UNIVERSITY, ) | |
| LAUREN ROBEL, ) | |
| KATHY ADAMS-REISTER, ) | |
| LIBBY SPOTTS, ) | |
| ROBERT BILLINGHAM, ) | |
| MICHAEL COURTNEY, and ) | |
| GRANT VOGTMAN, ) | |
| ) | |
| Defendants. ) | |

## Order on Defendants' Motion for Expedited Discovery

The plaintiff's motion for a temporary restraining order is set for hearing on February 11, 2020. His motion seeks a "temporary restraining order that enjoins IU's disciplinary procedure, and any sanction arising therefrom, against [him] until such time as it remedies the Fourteenth Amendment due process violations described" in the plaintiff's memorandum in support of motion for TRO. *See* motion, Dkt. 1, at p. 2, and supporting memorandum of law, at Dkt. 2, p. 31. The plaintiff was summarily suspended from Indiana University in November 2019 and, as the plaintiff's form of proposed order makes clear (and he does not dispute), he is asking the court to order Indiana University to reinstate him, allow him to continue his studies at IU-Bloomington, and allow him to complete coursework he has missed "without penalty or injury."

The defendants (collectively, "Indiana University" or "IU") have moved for expedited discovery and seek an order requiring the plaintiff to produce certain documents and appear for a full-day deposition and allowing a deposition of the plaintiff's sister for a half-day. The plaintiff opposes the motion and contends that discovery should not be permitted in connection with requests for a TRO and even if discovery were appropriate, none of the information sought by IU on an expedited basis is relevant to the issues to be addressed at the February 11 hearing. IU disagrees.[1] Based on the analysis below, the court DENIES IU's motion for expedited discovery.

## Analysis

The court rejects the plaintiff's threshold argument that discovery is never appropriate in advance of a hearing on a request for a temporary restraining order. While, given the nature of TROs (the court's power to issue them without notice to the opposing party, their usual aim to maintain a status quo and not require mandatory action by the enjoined party, and their short life—a maximum of 28 days without consent of the parties),[2] discovery generally does not occur before their

---

[1] The court GRANTS the plaintiff's motion to file a surreply on the discovery motion. The Clerk is directed to docket the surreply at Dkt. 24-1.

[2] *See* Fed. R. Civ. P. 65(b). A TRO that a court deliberately keeps in force longer than the 28-day maximum length allowed under Rule 65(b) is deemed to be a preliminary injunction, and appealable as such. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827 (7th Cir. 2012). But if, after entering a TRO, a court does not extend it or issue a preliminary injunction in its place, it "expires at the close of the 28-day period." *Id.*

issuance, there is no rule that discovery cannot or should not be had in advance of a TRO hearing.

The discovery dispute thus presents the same concerns the court addresses in nearly every discovery matter: given the factual and legal matters at issue, is the discovery proportional to the needs of the case, considering the discovery's materiality to those issues and whether the burden of providing the discovery outweighs its likely benefits. *E.g.,* Rule 26(b)(1); *Roche Diagnostics Corp., v. Medical Automation Sys., Inc.,* 2011 WL 130098 (S.D. Ind. Jan. 14, 2011) ("[A]s in all cases, deciding whether to permit expedited discovery and the scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court.") In seeking this balance, the court certainly considers the temporal limitations dictated by the nature of the proceedings now scheduled.

The parties have different views about the matters that will be at issue during the February 11 TRO hearing. The plaintiff asserts that the only relevant issues are "process" issues: the procedural fairness—or not—of his summary suspension and the upholding of that suspension by IU after hearing and appeal. He contends that a decision about the procedural fairness of his discipline can and should be based solely on the available disciplinary record before IU, for which no discovery is necessary. In other words, he maintains that whether the process he received meets the constitutional standard is determined by

examining the process he actually received. IU asserts, on the other hand, that the discovery it seeks in advance of the hearing is pertinent to the "process" issue (and thus to the likelihood of success on the merits element) because it will support its determination during the disciplinary process to uphold suspension in part based on inconsistencies between the testimony of the plaintiff and his sister at the hearing. The court finds, however, that the likelihood of success on the merits element of the TRO request does not turn on whether there is additional information—not considered by IU—that bolsters the disciplinary determination it already made. The merits issue framed by the plaintiff's complaint is that the process was unfair, and that process was what it was. Expedited discovery is not appropriate at this stage on the process issue.

The far more significant argument IU makes in support of discovery is that because the plaintiff is seeking equitable relief, the court must balance harms to each side if the relief is denied or is granted and must consider the public interest in issuance of the relief. In this regard, IU maintains it is entitled to obtain discovery to support arguments that the relief sought by the plaintiff—his reinstatement as a student on the Bloomington campus—should not be granted because of the danger to the Bloomington campus community of the presence of a person who may have sexually assaulted a minor. The plaintiff replies that, outside of reliance on information already existing within the disciplinary record, IU is not entitled to present evidence about the possibility the plaintiff committed sexual assault because it is improper for the court to allow IU to expand the administrative record,

4

especially in an attempt to find new information to try to correct alleged deficiencies in its disciplinary proceeding.

The plaintiff's argument is inconsistent. He has, by verified complaint, given testimony in this case that likely goes beyond the IU administrative record, and he likely hopes the court will accept his position for purposes of the TRO hearing and the relief he seeks that he is innocent of the sexual assault charge. Yet he otherwise wants to preclude IU at this stage from obtaining evidence from him and his sister on that issue that it may present for purposes of the court's weighing of the balance of the harms and the public interest in connection with the remedy he seeks.

Militating against expedited discovery are the limited time to conduct discovery before the TRO hearing, the concern that the subject matter of that discovery opens the floodgates to discovery as to the plaintiff's guilt or innocence on the charges, and the unacceptable prospect of inserting a quasi-criminal trial into the TRO proceeding. Further, the plaintiff's counsel has stated unequivocally that if the court orders the plaintiff to sit for deposition, the plaintiff "would invoke his constitutional right not to be a witness against himself." Dkt. 22 at p. 8.[3]

---

[3] The court does not prohibit IU from arguing (and expresses here no opinion on the success of the argument) that that stance—the plaintiff's statement that he would refuse under the Fifth Amendment to answer questions under oath about the July 4 incident—is a good reason for the court to draw negative inferences against the plaintiff about the July 4 incident. *See Harris v. City of Chicago,* 266 F.3d 750, 755 (7th Cir. 2001) (adverse inferences can be, though need not be, drawn in a civil proceeding when a person invokes his Fifth Amendment privilege in refusing to testify about pertinent information).

But the plaintiff's position—that no discovery occur at this point and that the only evidence relevant to the propriety of a TRO is the administrative record—ultimately proves too much. Though IU will not be permitted to take the expedited discovery it seeks, the court does not rule here that IU is prohibited from introducing evidence or argument at the TRO hearing that bears on the balance of harms and the public interest and which may be outside the IU administrative record. The plaintiff will, however, be so constrained. His choice to object to discovery at this stage means the plaintiff will not be permitted to rely at the hearing on evidence that is outside the IU administrative record.

The court expresses no view on the appropriate scope of discovery in connection with a preliminary injunction hearing if one is scheduled.

## Conclusion

For the foregoing reasons, the defendants' motion for expedited discovery (Dkt. 18) is DENIED

So ORDERED.

Dated: January 30, 2020

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system