IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>INDIANA UNIVERSITY, PROVOST LAUREN ROBEL, KATHY ADAMS-REISTER, LIBBY SPOTTS, ROBERT BILLINGHAM, MICHAEL COURTNEY AND GRANT VOGTMAN,<br><br>        Defendants. | CASE NO. 1:20-CV-123-JRS-DML<br><br>**PLAINTIFF'S NOTICE OF WITHDRAWAL OF MOTION FOR TEMPORARY RESTRAINING ORDER** |

      Plaintiff John Doe ("John") hereby gives notice that he is withdrawing his Motion for Temporary Restraining Order ("Motion for TRO") filed on January 14, 2020. ECF 1.

      John sought an injunction directing Indiana University ("IU") to reinstate him, so that he could continue his studies at the start of the Spring 2020 term. ECF 1 and 2. The following afternoon, January 15, the Court held a scheduling conference on plaintiff's motion. The Court deferred ruling on the motion to allow defendants an opportunity to submit briefing on the matter and set the hearing for February 11.

      After learning that a ruling on his motion would be delayed, John chose to proceed. As explained in his attached declaration, John firmly believed that even if he started classes late, he could make up the lost time. (Declaration of John Doe at ¶¶ 8-9, Exhibit A hereto). John has since reconsidered whether it is viable to join classes five weeks into the term, and has now determined that it presents an impossible hurdle. *Id*. at ¶ 10. The accumulation of lost instruction time as well as the missed readings and assignments pose too great a burden for John to overcome. *Id*. He has

decided, therefore, that the more sensible approach is to withdraw his motion and continue to litigate his case on the merits in the normal course. *Id*. at 11.

John's decision matches the view expressed by defendants in their memorandum in opposition. As defendants explain it, "even if [John's] requested TRO were granted, he will be at least five weeks behind in his classes, and his professors would face additional if not impossible burdens in attempting to catch him up." ECF at 14. Defendants add that under these circumstances "the more sensible approach to this case would be to litigate on a standard timeframe where, if [John Doe] manages to find success on the merits, he could rejoin the University or another educational institute in time for summer session." *Id*.

John Doe agrees. In view of the time that has passed since the filing of his motion, an injunction, if granted, will not provide the relief needed. Accordingly, he is withdrawing his Motion for TRO.

Respectfully submitted,

/s/ *Eric J. Rosenberg*
Eric J. Rosenberg (0069958)
395 North Pearl Street
Granville, Ohio 43023
Telephone 740.644.1027
erosenberg@rosenbergball.com

PAGE 2—DECLARATION OF JOHN DOE RE: WITHDRAWAL OF MOTION FOR TRO