

One Indiana Square, Suite 3500
Indianapolis, IN 46204-4609
Tel: 317.713.3500 | Fax: 317.713.3699
taftlaw.com

**Tracy Betz**
(317) 713-3544
tbetz@taftlaw.com

December 21, 2020

*Via E-mail*

Eric Rosenberg
395 North Pearl Street
Granville, OH, 43023
erosenberg@rosenbergball.com

    Re:    John Doe v. Indiana University et. al.

Dear Eric,

    I write in response to your December 2, 2020 letter. Your response noted that Indiana University had not included a declaration regarding its non-disclosure of your client's disciplinary file. Assuming you are proceeding in good faith, I am enclosing a declaration regarding the same. Again, I reiterate my recommendation that you withdraw your lawsuit pursuant to your obligations under FRCP 11.

    With regards to Mr. Doe's transcript, your own letter indicates that he ordered the transcript, and that it was then sent to Purdue at his request. Surely, you cannot in good faith believe that Indiana University violated the law—and committed a compelled state disclosure—by fulfilling Mr. Doe's request (for which he submitted a signed authorization) that the University give him his transcript and that the University send his transcript to another institution. I am sure you do not intend to suggest that the University should have declined to give him, or declined to send to an institution he identified, his transcript upon his request. Again, these positions, untenable as they are, pose serious questions regarding whether you are complying with your obligations under FRCP 11.

Exhibit 3, p.1

Taft /

One Indiana Square, Suite 3500
Indianapolis, IN 46204-4609
Tel: 317.713.3500 | Fax: 317.713.3699
taftlaw.com

Finally, your position that Rule 11 concerns became moot with the filing of our motion to dismiss is simply incorrect. We filed the motion because our response was due, and Mr. Doe's pleading still fails to state a claim upon which relief can be granted. Indeed, as you are certainly aware now that you have the full recording of the disciplinary hearing (and as you were likely aware before), numerous allegations in that pleading raise serious Rule 11 concerns. Among them are:

- The allegation that the University commissioners made no credibility findings as to Mr. Doe;
- The allegation that commissioners decided his responsibility "solely" on the pending charges;
- The allegation that commissioners found Girl 1 to be credible;
- The allegation that Libby Spotts prevented Mr. Doe or his sister from testifying about Girl 1's motivation to invent a story, when in fact she invited testimony on that question so long as it was not speculation.

Even your response letter raises serious Rule 11 questions—like whether Mr. Doe is presently attending Vincennes University, which would seem to directly contradict the allegation (by both Mr. Doe and by your purported expert Ms. Garret) that it is now "impossible" for him to obtain an education and enter the career of his choice, or that his educational prospects have been "destroyed."

As such, your lawsuit continues to raise serious concerns under Rule 11 and we expect that you will move forward with withdrawing it. Should your allegations survive the Rule 12 stage, the University will continue building the necessary record to seek recourse under Rule 11.



One Indiana Square, Suite 3500
Indianapolis, IN 46204-4609
Tel: 317.713.3500 | Fax: 317.713.3699
taftlaw.com

Please let me know if you would like to schedule a call to discuss further.

Best,

Tracy Betz

United States District Court
Southern District of Indiana
Indianapolis Division

JOHN DOE,

    *Plaintiff*,

    v.                                      Case No. 1:20-cv-00123-JRS-DML

THE TRUSTEES OF INDIANA
UNIVERSITY, et al.

    *Defendants*.

## DECLARATION OF LIBBY SPOTTS

The undersigned, Libby Spotts, hereby states as follows, under penalty of perjury:

1. I am an adult, over the age of 21, and am competent to testify from my own personal knowledge and specialized expertise as to the matters set forth herein.

2. I am employed by Indiana University in the Division of Student Affairs as the Associate Dean of Students, Director of Student Conduct, and Deputy Title IX Coordinator, and have been employed with Indiana University since September 2015 and in my current role since May 2018.

3. In my position as Associate Dean of Students and Director of Student Conduct, I ensure that the requisite permission, pursuant to the Family Educational Rights and Privacy Act ("FERPA") and Indiana University practice, is on file with the Office of Student Conduct prior to sharing any disciplinary information about a student with another institution.

4. In accordance with FERPA, a federal law, and Indiana University practice, the Office of Student Conduct does not release certain information, including

disciplinary records, about a student to other universities and/or colleges unless the student has signed a release with Indiana University pursuant to FERPA

5. If a student wished to share disciplinary records with another institution, the FERPA release would be executed through the Office of Student Conduct. Similarly, if Indiana University was contacted by another institution regarding a student's disciplinary records, the Office of Student Conduct would be the office that reached out to the student to obtain a FERPA release prior to sharing any such information or record. This would be the case even if the student granted permission for another institution to contact Indiana University regarding the student's disciplinary record.

6. FERPA releases executed through the Office of Student Conduct are kept as part of the student's file with the office. Additionally, any request for disciplinary records or information related to a student would be handled by the Office of Student Conduct, and any such request would be documented as part of the student's file with the office.

5. I have reviewed the complete file of John Doe contained within the Office of Student Conduct and have confirmed that there is no evidence that Mr. Doe ever signed a FERPA release through the Office of Student Conduct to share information regarding his disciplinary record with Purdue University or any other institution. If Mr. Doe had signed such a release, I would expect that it would be located in Mr. Doe's file as it is the regular practice and course of dealing for the Office of Student Conduct for such a document to be placed in a student's file.

6. I have reviewed the complete file of Mr. Doe contained within the Office of Student Conduct and have confirmed that there is no evidence that Purdue University, or any other university or college for that matter, requested that the Office of Student Conduct or University send it any disciplinary records related to Mr. Doe. If Purdue University, or any other institution, had requested any of Mr. Doe's disciplinary records, I would expect a copy of this request would be located in Mr. Doe's file. It is the regular practice and course of dealing of the Office of Student Conduct for such a document to be placed in a student's file.

7. I have reviewed the complete file of Mr. Doe contained within the Office of Student Conduct and have confirmed that there is no evidence the Office of Student Conduct ever sent Mr. Doe's disciplinary records to Purdue University, or any other university or college. If the Office of Student Conduct had sent this information to anyone, I would expect information regarding this transmittal would be located in Mr. Doe's file. It is the regular practice and course of dealing of the Office of Student Conduct for this to be reflected in the student's file.

8. During my review, I became aware of information regarding other records of Mr. Doe's. I learned that on March 17, 2020, the same date Mr. Doe filed his First Amended Complaint, Mr. Doe submitted a signed authorization and requested that the Office of the Registrar at the University send his transcript to both himself and Purdue University. Attached are screen shots of this request submission and his signed authorization for the release of his transcript. The University did in fact comply with Mr. Doe's request, sending a transcript, which does not contain information about the

nature of Mr. Doe's disciplinary charges or findings, to both Mr. Doe directly and Purdue University. To the best of my knowledge, this is the only information the University sent to Purdue University, or any other university or college.

Further Affiant Sayeth Not.

Date: 12/21/20

_____
Libby Spotts

Transcript Database screen shot of request submission



3/3/2020        Yahoo Mail - Transcript Request - Proceed to Step 2 (P618832)

**Transcript Request - Proceed to Step 2 (P618832)**

From: regrtran@indiana.edu (regrtran@indiana.edu)

To: ▮

Date: Tuesday, March 3, 2020, 10:50 AM EST

Dear ▮.

This courtesy email message confirms that you have completed Step 1 of the 2-step process required when requesting your official transcript. Please complete the final step by returning your signed authorization page to our office. Once we have received your signed authorization, we will be happy to begin processing your request.

If you missed printing the authorization page in Step 1, you can access it at:
https://transcript.indiana.edu/NoCas/fax_request_form.cfm?orderNumber=iubreg-20200303104459018&trk=3959EB7DACED2E6F520EE2D401F88889

Please print it, sign it, and either e-mail it to us at tscripts@iu.edu (using the Subject line SIGNATURE) or fax it to Transcript and Certification Services, (812) 855-3999. Within approximately 1-2 business days, you should receive an e-mail confirmation (if you provided your e-mail) confirming your request was received. If you haven't heard from us within two business days, please call our Transcript Information line at (812) 855-4500 so we can check on the status of your request.

If you are unable to e-mail or fax, you can mail your signed authorization to ATTN: Transcript and Certification Services, 400 East 7th Street, Box 29, Bloomington, IN 47405. Based on U.S. Postal Service guidelines, first-class mail is expected to be delivered to US addresses within ten business days. There is no way to determine mail delivery time for international mail.

If you can no longer access the authorization page linked above, please print this e-mail, sign below and return it to our office immediately.

▮ (P618832)

STUDENT SIGNATURE

Sincerely,

Transcript and Certification Services
Indiana University
400 East 7th Street, Box 29
Bloomington, IN 47405
Transcript Information Line: 812-855-4500

*************************************************************

Please do not reply to this email. This confirmation email was automatically generated.
Replies to this message will NOT receive a response.

1/1

Exhibit 3, p.9